# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JOHN E. CARTER V. STATE OF TENNESSEE

**Appeal from the Circuit Court for White County**
**No. 6134, CR1615    Leon C. Burns, Jr., Judge**

────────────

**No. M2004-03073-CCA-R3-CO - Filed January 17, 2006**

────────────

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has appealed the trial court's order summarily dismissing his three petitions for writ of error coram nobis in which the petitioner alleged that newly-discovered evidence and his own diminished capacity mandated a new trial. Upon a review of the record in this case, we are persuaded that the trial court was correct in summarily dismissing the petitions for coram nobis relief and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

John E. Carter, Pro Se, Mountain City, Tennessee.

Paul G. Summers, Attorney General & Reporter; Preston Shipp, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner, John E. Carter, was convicted by a jury in 1982 for two counts of first degree murder. Upon these convictions, the trial court sentenced the petitioner to two consecutive life sentences. On direct appeal, the judgments were affirmed. See State v. John E. Carter, No. 83-114-III, 1985 Tenn. Crim. App. LEXIS 3028 (Tenn. Crim. App. at Nashville, Feb. 20, 1985), vacated by John E. Carter v. State, No. 89-27-III, 1990 WL 9892 (Tenn. Crim. App. at Nashville, Feb. 9, 1990), perm. app. denied, (Tenn. July 2, 1990). The petitioner subsequently sought post-conviction relief

based on a claim of ineffective assistance of counsel. His petition was dismissed following an evidentiary hearing, and this Court affirmed the decision on appeal. In the interest of justice, however, this Court vacated its February 1985 judgment affirming the petitioner's murder convictions and reentered its judgment to permit the petitioner an opportunity to seek second-tier appellate review of its judgment. The petitioner sought permission to appeal this Court's judgment, and the Tennessee Supreme Court denied his application. See John E. Carter v. State, 1990 WL 9892, at *1. Subsequently, the petitioner sought various forms of relief including habeas corpus relief and relief in the form of a motion styled "Untitled Motion/Petition," all of which were denied by the trial court. This Court upheld the denial of the petitioner's relief on appeal. See John E. Carter v. State, E2005-01296-CCA-R3-HC, 2005 WL 2487977 (Tenn. Crim. App. at Knoxville, Oct. 7, 2005); John E. Carter v. Howard Carlton, No. E2000-00406-CCA-R3-PC, 2001 WL 170878 (Tenn. Crim. App. at Knoxville, Feb. 22, 2001), perm. app. denied, (Tenn. July 2, 2001), rehearing denied (Tenn. Sept. 17, 2001). Further, it appears that the petitioner has unsuccessfully challenged his convictions in at least eleven separate proceedings through the filing of petitions for habeas corpus, coram nobis, and/or post-conviction relief, including multiple motions to reopen his post-conviction petition.

The appeal herein addresses the trial court's denial of three petitions for writs of error coram nobis filed by the petitioner. The first Petition was filed on July 23, 2002. The petitioner filed a second Petition on March 1, 2004, and a third Petition on December 6, 2004. The petitioner essentially raised three issues in the petitions for writ of error coram nobis: (1) whether he is entitled to relief based on a discrepancy regarding the legal ownership of the murder weapon; (2) whether he is entitled to relief based on cases that were issued after his trial that clarified the defense of diminished capacity; and (3) whether he is entitled to relief based on the commingling of the elements of premeditation and deliberation at the time of his trial.

On December 2, 2004, the trial court denied the petitioner's first two petitions for writ of error coram nobis relief. On December 20, 2004, the trial court entered an order denying the petitioner's third petition for writ of error coram nobis. The petitioner filed three separate notices of appeal on December 28, 2004, January 10, 2005, and January 13, 2005.

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the

decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105. The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999). The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment.'" State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165, 167 (1966)). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988), overruled on other grounds by Mixon, 983 S.W.2d at 671 n.3.

A petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly-discovered evidence; (2) why the admissibility of the newly-discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) that the petitioner was without fault in failing to present the newly-discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. Hart, 911 S.W.2d at 374-75. A petition for writ of error coram nobis must usually be filed within one (1) year after the judgment becomes final. See Tenn. Code Ann. § 27-7-103; Mixon, 983 S.W.2d at 670. It has been determined that a judgment becomes final, for purposes of coram nobis relief, thirty (30) days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely-filed, post-trial motion. Mixon, 983 S.W.2d at 670.

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing. The coram nobis statute also does not contain provisions for summary disposition or expedited appeals . . . . Although coram nobis claims also are governed by a one-year statute of limitations, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense. See Sands v. State, 903 S.W.2d 297, 299 (Tenn. 1995).

Harris v. State, 102 S.W.3d 587, 592-93 (Tenn. 2003).

Initially, we note that we agree with the State's argument that the petitioner's petitions for writ of error coram nobis are untimely. The trial court denied the petitioner's motion for new trial on April 4, 1983. The petitioner did not seek coram nobis relief until 2002, almost twenty years later. Further, the petitioner has failed to demonstrate that the "newly discovered evidence" may have resulted in a different judgment had the evidence been presented at trial. According to the

petitioner's brief, a man named Donnie Cravens testified at trial that he sold a gun, which was the murder weapon, to one of the victims. The petitioner further asserts that on May 31, 2002, Mr. Cravens petitioned the trial court to return the weapon to him, as he claimed it was his personal property, and he was its registered owner. The petitioner argues that Mr. Cravens's petition regarding the murder weapon constituted a recantation of his trial testimony, established that his trial testimony was false, demonstrated that the State was privy to the perjured testimony and, therefore, he is entitled to a new trial. The trial court summarily dismissed the petition on the basis that the allegations contained in the petition did not constitute newly-discovered evidence for which relief under the writ of error coram nobis is appropriate. Specifically, the trial court determined that there was no legal documentation that established a sale of the murder weapon from Mr. Cravens to the victim. Further, the trial court determined that the petitioner was not entitled to relief because there was no allegation that the victim was not in possession of the weapon or that the parties did not intend for the transaction to occur. Thus, any confusion surrounding the legal ownership of the weapon would not have resulted in a different outcome in the trial. We agree. The petition fails to allege that newly-discovered evidence exists that would warrant relief under a writ of error coram nobis.

The petitioner also complains that he was entitled to a new trial because, cases that were published after his trial, specifically State v. Hall, 958 S.W.2d 679 (Tenn. 1997), clarified the law regarding the defense of diminished capacity. He contends that he should receive a new trial in order to present the defense of diminished capacity. The trial court determined that this issue was "previously raised" by the petitioner in a motion to reopen which was dismissed. This Court has also noted that the petitioner has previously presented the diminished capacity claim. See John E. Carter v. State, 2005 WL 2487977, at *1-2. This issue has been previously determined.

The petitioner also attempts to couch his diminished capacity argument in terms of ineffective assistance of counsel, which would be cognizable in a timely-filed petition for post-conviction relief. The petitioner has previously sought post-conviction relief, which was denied. John E. Carter v. Howard Carlton, No. E2000-00406-CCA-R3-PC, 2001 WL 170878 (Tenn. Crim. App. at Knoxville, Feb. 22, 2001), perm. app. denied, (Tenn. July 2, 2001), rehearing denied (Tenn. Sept. 17, 2001).

Finally, the petitioner argues that he is entitled to a new trial because the Tennessee Supreme Court clarified the law regarding the elements of first degree murder in State v. Brown, 836 S.W.2d 530 (Tenn. 1992). This issue was previously addressed in the petitioner's post-conviction proceeding. See John E. Carter v. Howard Carlton, 2001 WL 170878, at *3.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE