# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JERRY D. CARNEY V. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 97-D-2821    Cheryl A. Blackburn, Judge**

---

### No. M2005-01904-CCA-R3-CO - Filed July 31, 2006

---

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has appealed the trial court's order dismissing his petition for writ of error coram nobis in which the petitioner alleged that newly-discovered evidence mandated a new trial. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for coram nobis relief after a hearing and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Jerry D. Carney, Pro Se, Henning, Tennessee.

Paul G. Summers, Attorney General & Reporter; Blind Akrawi, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner was convicted of first degree murder and subsequently sentenced to life imprisonment with the possibility of parole. State v. Jerry D. Carney, No. M1999-01139-CCA-R3-CD, 2000 WL 1335770 (Tenn. Crim. App., at Nashville, Sept. 15, 2000), perm. app. denied, (Tenn. Apr. 24, 2001). This Court affirmed the petitioner's conviction and sentence on appeal and the Tennessee Supreme Court denied permission to appeal. Id. The facts of the underlying conviction were summarized by this Court on direct appeal as follows:

On the night of August 13, 1997, the appellant, Jerry Carney, was "riding around" Nashville and drinking beer with his friends Eric Bradshaw, Mike Shane, Jimmy Womack, and Melia Gribble. Erin Harris, another friend, paged the appellant and requested that he pick her up at 716 Virginia Avenue. On the way to Virginia Avenue, Bradshaw remarked that he believed that someone who had a problem with his brother, someone named "Shane" or "Shawn," lived at that address.

Upon arriving at the residence, the four males exited the car and began urinating in the front yard. Bill Massey and Craig Cartwright walked out of the residence to investigate. The appellant began asking several people, "Who is Shane?" Cartwright responded that he was Shane. Upon hearing Cartwright identify himself as Shane, the appellant quickly walked back to the vehicle and sat in the back seat behind the driver.

Massey approached the car on the driver's side and noticed a gun on the seat near the appellant. Massey asked if the appellant had a problem. The appellant replied that there was no problem. Massey then requested one of the beers that was located in the back seat. The appellant handed Massey a beer. As soon as Massey touched the beer, the appellant grasped the gun with both hands. Massey threw down the beer and grabbed the appellant, hoping to disarm him. Cartwright had moved to the passenger side of the car. Although Massey was in direct contact with the appellant, the appellant never looked at Massey. Instead, the appellant pulled the slide of the gun back twice and fired six shots into Cartwright who was standing near the open passenger door.

The appellant, Bradshaw, Shane, Womack, Gribble, and Harris sped away in the car to Bradshaw's house. The appellant took a shirt and wiped the car, inside and out, in order to destroy evidence. He also removed a decal from the back glass of the car and tried to remove all of the spent shell casings from the car. The appellant entered Bradshaw's house, removed his bloody clothes, and soaked them in water in the bathtub. He then went to sleep and slept until the next day when he was picked up by the police for questioning.

The appellant testified that he shot Cartwright in self-defense. The appellant stated that he was afraid of Massey and Cartwright because they were much larger than he. The appellant claimed that Massey had grabbed the appellant by the shirt collar prior to the appellant's retreat to the car. The appellant alleged that he feared Massey or Cartwright would hurt him or try to take his gun and use it against him.

Id. at *1-2.

The petitioner filed a pro se petition for post-conviction relief on August 21, 2001. Jerry D. Carney v. State, No. M2002-02416-CCA-R3-PC, 2005 WL 351238, at *2 (Tenn. Crim. App., at

Nashville, Feb. 14, 2005), perm. app. denied, (Tenn. Jun. 20, 2005). An amended petition for post-conviction relief was filed by counsel on December 19, 2001. Id. On July 15, 2002, the trial court denied the petitioner's petition for post-conviction relief. Id. On appeal, this Court affirmed the judgment of the post-conviction court. Id. at *10. The supreme court denied permission to appeal.

In 2004, the petitioner filed a pro se writ of habeas corpus which was summarily dismissed by the trial court. Jerry D. Carney v. David Mills, Warden, No. W2004-01563-CCA-R3-HC, 2004 WL 2746052 (Tenn. Crim. App., at Jackson, Dec. 2, 2004). This Court affirmed the judgment of the trial court. Id.

The petitioner then filed a pro se petition for writ of error coram nobis on September 10, 2004, in which he alleged various pieces of favorable evidence were withheld at trial by the State. On February 9, 2005, the trial court dismissed several grounds for relief as stated in the petition on the basis that those issues were previously addressed in the direct appeal, post-conviction petition and habeas petition. The trial court ordered the State to respond to the two remaining allegations in the petition for writ of error coram nobis relating to a hair sample recovered from the victim and the petitioner's clothing that was recovered as evidence allegedly unbeknownst to the petitioner. The trial court held a hearing on the petition at which the trial court heard testimony from Medical Examiner Dr. Bruce Levy, Metro Police Detective Danny Satterfield, Metro Police Detective Brad Cocoran and the petitioner. On July 27, 2005, the trial court denied the petition, finding that the petition was "barred by the statute of limitations." The trial court further found that even if the petition had been timely it would have been denied for "failure to state any cognizable claims."

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105. The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999). The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment.'" State v. Hart,

911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165, 167 (1966)).  The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court.  Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988), overruled on other grounds by Mixon, 983 S.W.2d at 671 n.3.

A petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly-discovered evidence; (2) why the admissibility of the newly-discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) that the petitioner was without fault in failing to present the newly-discovered evidence at the appropriate time; and (4) the relief sought by the petitioner.  Hart, 911 S.W.2d at 374-75.  A petition for writ of error coram nobis must usually be filed within one (1) year after the judgment becomes final.  See Tenn. Code Ann. § 27-7-103; Mixon, 983 S.W.2d at 670.  It has been determined that a judgment becomes final, for purposes of coram nobis relief, thirty (30) days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely-filed, post-trial motion.  Mixon, 983 S.W.2d at 670.

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive.  Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing.  The coram nobis statute also does not contain provisions for summary disposition or expedited appeals . . . .  Although coram nobis claims also are governed by a one-year statute of limitations, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense.  See Sands v. State, 903 S.W.2d 297, 299 (Tenn. 1995).

Harris v. State, 102 S.W.3d 587, 592-93 (Tenn. 2003).

Initially, we note that we agree with the State's argument that the petitioner's petition for writ of error coram nobis is untimely.  The petitioner's conviction was affirmed on direct appeal on September 15, 2000, and the supreme court denied permission to appeal on April 24, 2001.  The petitioner did not seek coram nobis relief until September of 2004, almost three and a half years later.  The petitioner does not present sufficient evidence to establish that the statute of limitations should be tolled to permit the late filing of his petition as the petitioner has not shown that he was "without fault" in failing to previously present this evidence.  Tenn. Code Ann. § 40-26-105; Mixon, 983 S.W.2d at 668.

Further, the petitioner has failed to demonstrate that the newly-discovered evidence may have resulted in a different judgment had the evidence been presented at trial.  According to the testimony at the hearing, the alleged newly-discovered evidence was actually available to the petitioner at trial.

In fact, Detective Cocoran testified that the reports provided to the defense during discovery explicitly referenced that there was a hair sample. Dr. Levy testified that the hair sample most likely came from the victim's head as it was routine procedure during an autopsy to pull a hair sample from the decedent. Dr. Levy testified that had the hair been found on the victim, it would have been listed in the autopsy report as trace evidence. Thus, the hair sample was not newly-discovered evidence to the petitioner. Further, the petitioner actually conceded that the hair would not have been helpful to him at trial.

As to the issue about the petitioner's clothing being seized as evidence, Detective Cocoran stated that the petitioner was aware that his clothes were seized as evidence because he was present when the officers seized his clothing. Further, the petitioner himself testified about the clothing at trial, including his awareness of the seizure of the clothing by the police.

We agree with the trial court that the petition fails to allege that newly-discovered evidence exists that would warrant relief under a writ of error coram nobis. The petitioner could have submitted these issues in his post-conviction petition. Moreover, the petitioner has failed to demonstrate a "reasonable probability" that the alleged new evidence would have changed the results of the trial. State v. Workman, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE