# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### SHINNY LEVERETTE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 93-04844; 93-04845   W. Mark Ward, Judge**

---

**No. W2006-00235-CCA-R3-CO  - Filed October 26, 2006**

---

The Petitioner, Shinny Leverette, appeals the lower court's denial of his petition for writ of error coram nobis relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Upon review of the record and the accompanying pleadings, this Court concludes that the trial court properly dismissed the petition for writ of error coram nobis.  Accordingly, the State's motion is granted and  the trial court's dismissal is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLin, J., delivered the opinion of the court, in which David G. Hayes and John Everett Williams, JJ.  joined.

Shinny Leverette, pro se.

Paul G. Summers, Attorney General & Reporter; Blind Akrawi, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

The Petitioner, Shinny Leverette, was convicted by a Shelby County jury of first degree murder and conspiracy to commit first degree murder. *See State v. Shinny L. Leverett,* No. 02C01-9509-CR-00254, 1996 WL 367750, *1 (Tenn. Crim. App., at Jackson, Jul. 3, 1996).   For these offenses, the trial court sentenced the Petitioner to life imprisonment for the murder conviction and

to fifteen years for the conspiracy conviction. *Id.* The Petitioner's convictions and sentenced were affirmed on direct appeal. *Id.*

On October 13, 2005, the Petitioner filed a petition for writ of error coram nobis relief in the trial court. As grounds for the issuance of the writ, the Petitioner alleged that "new evidence . . . unavailable during his trial, would show that he was actually innocent of First Degree Murder." Specifically, the Petitioner alleged that co-defendant, Andrea Denise Miles, the wife of the victim, had recanted her testimony. He further stated that the recanted testimony was in the possession of the Memphis Mental Health Institute and was given during a court-ordered psychological evaluation of Andrea Denise Miles.

By order entered January 6, 2006, the lower court dismissed the petition for coram nobis relief. The lower court noted that, while the Petitioner's direct appeal was pending, a petition for writ of error coram nobis was filed by retained counsel alleging the discovery of newly discovered evidence. Specifically, the Petitioner alleged that Andrea Miles had testified during her trial, giving statements implicating herself in her husband's homicide and allegedly exonerating the Petitioner. This first petition "was never ruled upon by [the trial court]." The lower court acknowledged that this Court, on direct appeal, rejected the Petitioner's claim that it was error at his trial to refuse to permit the introduction of Andrea Miles' statement given during her competency evaluation at Memphis Mental Health Institute. The lower court further recognized that, while the Petitioner characterizes Andrew Miles' affidavit as "recanted" testimony, Ms. Miles did not testify at the Petitioner's trial. In denying coram nobis relied, the lower court made the following findings, which we summarize as follows:

> 1. Andrea Miles' statement provided to Dr. Phifer during a psychological evaluation fails to support a writ of error coram nobis as the "matter asserted must be one that was not litigated in a motion for new trial or upon appeal." The Petitioner raised as error the trial court's refusal to permit the testimony of Dr. Phifer as to Andrea Miles' statement in his motion for new trial and on direct appeal.

> 2. The second petition for coram nobis relief was filed ten years after the judgment was rendered. The petition, therefore, falls outside the one-year statute of limitations. The reason for the abandonment of the first petition is absent from the record. Similarly, the record is silent as to whether the first petition was ever brought to the attention of the trial court. The ten-year lapse between the filing of the first petition and the second petition "undermines the Petitioner's position that he is faultless in failing to bring forth the evidence in a timely manner." Additionally, the ten-year time lapse demonstrates that the evidence is not newly discovered.

> 3. Even assuming that "testifying at trial after having previously exercising the right against self-incrimination qualifies as recanted testimony," "the trial court must be well satisfied that the new testimony is true." The trial court considered "Mules' statement self-serving and mere posturing to effect a defense against the charge of

2

murder." "Given the circumstances, the testimony of Miles is not credible."

The Petitioner timely filed a notice of appeal document.

The State has filed a motion requesting affirmance by this Court pursuant to Rule 20, Rules of the Court of Criminal Appeals. In support of its motion, the State asserts that the petition for coram nobis relief is untimely, the Petitioner has failed to establish that due process concerns require the tolling of the one-year statute of limitations, the matter has previously been litigated in the motion for new trial and on direct appeal, and the alleged "recanted" testimony is not credible. The Petitioner has failed to respond to the State's motion.

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105. The writ of error coram nobis is an "extraordinary procedural remedy, 'filling only a' slight gap into which few cases fall." *State v. Mixon,* 983 S.W.2d 661, 672 (Tenn.1999). The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment.'" *State v. Hart,* 911 S.W.2d 371, 374 (Tenn. Crim. App.1995) (quoting *State ex rel. Carlson v. State,* 219 Tenn. 80, 407 S.W.2d 165, 167 (1966)). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *Teague v. State,* 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988), *overruled on other grounds by, Mixon,* 983 S.W.2d at 671 n. 3.

A petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) that the petitioner was without fault in failing to present the newly-discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Hart,* 911 S.W.2d at 374-75. A petition for writ of error coram nobis must usually be filed within one year after the judgment becomes final. *See* T.C.A. § 27-7-103; *Mixon,* 983 S.W.2d at 670. A judgment becomes final, for purposes of coram nobis relief, thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely-filed, post-trial motion. *Mixon,* 983 S.W.2d at 670. The one year statute of limitations may be tolled only when necessary not to offend due process

3

requirements. *Workman v. State,* 41 S.W.3d 100, 103 (Tenn.2001). Although coram nobis claims also are governed by a one-year statute of limitations, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense. *See Harris v. State,* 102 S.W.3d 587, 592-93 (Tenn. 2003); *Sands v. State,* 903 S.W.2d 297, 299 (Tenn.1995).

The lower court dismissed the petition because the issue was litigated at the motion for new trial and on direct appeal, the Petitioner was at fault in failing to timely present the petition in a timely manner, and the alleged "recanted" testimony is not credible. The record supports the lower court's findings. It is clear that the statements of Andrea Miles were not "newly discovered." Rather, said statements were properly excluded at the Petitioner's trial. Moreover, the Petitioner has failed to offer explanation as to the decade-long delay in bringing the present petition. Finally, as noted by the original trial court, the statement of Andrea Miles "was self-serving and supported a self-defense posture." *See State v. Shinny L. Leverett,* No. 02C01-9509-CR-00254, 1996 WL 367750, *1. Accordingly, the lower court was correct in dismissing the petition for writ of error coram nobis.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE

4