STATE OF TENNESSEE ex rel. RAYMOND CARLSON and DAVID LEE COATES

*v.*

STATE OF TENNESSEE.

407 S.W.2d 165.

(*Nashville,* December Term, 1965.)

Opinion filed October 7, 1966.

Raymond Carlson and David Lee Coates, per se.

George F. McCanless, Attorney General, and Paul E. Jennings, Assistant Attorney General, Nashville, for the State.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The State has moved to dismiss this appeal and affirm the judgment because there are no errors in the technical record and because the plaintiffs in error have failed to file assignments of error and brief as required by the Rules of this Court, the same being Rules 14, 15(2) and 26. This motion is timely made and must be, and is, sustained.

In addition to the motion though the State has filed a very able and excellent brief in the matter. We, in addition to sustaining the motion above likewise feel for the reasons assigned in this brief that this cause should be dismissed. What is hereinafter said will largely be quotations with authorities taken from this brief. We agree fully for the reasons set forth in this brief and adopt what is therein said as our opinion in the matter.

This appeal comes from the denial of a writ of error coram nobis. This petition was filed and denied by the trial court without a hearing. In the record though we find an opinion by the trial judge which correctly summarizes the allegations of the petition and sets forth

excellent reasons why the trial judge dismissed the petition. The trial judge in summarizing the allegations of the petitioners that certain of their constitutional rights had been violated says:

"(1) They were seized by the Officers without a warrant; (2) The car which they occupied was searched and they were removed therefrom without a search warrant; (3) They were not furnished an attorney at the preliminary hearing; (4) They were not advised of the charge against them prior to their trial; (5) They were not furnished a copy of the indictment; (6) They were not furnished a court reporter; (7) They were tried and convicted under indictments charging them with burglary in the third degree, instead of breaking and entering; (8) The District Attorney General argued to the jury that if one of the defendants was guilty, all were guilty and; (9) The Honorable Charles Kilgore, an attorney who represented a co-defendant had failed and refused to perfect an appeal for these petitioners," * * *

The trial judge then, among other things, gave the following reasons of why this petition was dismissed when he said that: "the petition does not comply with the provisions of Statute and should be dismissed as insufficient as a matter of law; further, some of the allegations are contradicted by facts judicially known to the Court and the Court is unable to find in the petition any allegations of material error of fact which were not or could not have been litigated on the trial of the case, * * *." The court further commented upon the merits of certain contentions of the petitioners and expressly overruled the same as being contrary to the facts known to him. The petitioners were furnished with a copy of the memoran-

dum opinion of the trial judge and they were allowed to appeal. On April 20, 1966, petitioners filed a notice of appeal and elected to proceed as their own counsel.

The State in its brief aptly and correctly said that a writ of error coram nobis is now made available for criminals pursuant to Chapter 166, Public Acts of 1955, which is codified as T.C.A. sec. 40-3411. We have held on one or two occasions, and the Act so provides, that proceedings under this coram nobis criminal action is governed by the same rules applicable to such writs in civil cases, except in so far as inconsistent with the section. This section as far as here applicable provides the following errors may be reached by the writ:

"The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding."

T.C.A. sec. 27-702, relating to such a writ in civil cases, provides:

"The relief embraced in this chapter is confined to errors of fact occurring in proceedings of which the person seeking relief has had no notice, or which he was prevented by disability from showing or correcting, or in which he was prevented from making defense by surprise, accident, mistake, or fraud, without fault on his part."

See Caruthers, History of a Lawsuit, 1963 Edition, Sections 393-397.

Obviously, as it has been frequently commented on in the past, such a writ is to bring to the attention of

the court some fact unknown to the court, which if known would have resulted in a different judgment.

■ As the State correctly says the problem here presented is an interpretation of certain language used in the act, to-wit: "matters that were not or could not have been litigated." Obviously, this language is subject to the interpretation that there are two circumstances when the use of the writ is proper, that is, when matters "were not" litigated in the proceedings. The State says, "This interpretation would, however, place no restrictions on the use of the statute and would open the door to any matter and would encourage failure to use the proceedings of new trial motions or appeals. This interpretation would further render the 'could not' phrase surplusage. The general rule is to the effect that meaning is to be given to all terms of a statute. Sutherland, Statutory Construction secs. 4703, 4705 (3rd ed. 1943); *Mayhew v. Mayhew*, 52 Tenn. App. 459, 376 S.W.2d 324 (1963). In the event that the above is the proper interpretation, petitioners' contentions are properly raised under the coram nobis statute, and a disposition on the merits is necessary. It should be noted that no allegation has been made that the matters raised by petitioner were not presented in another proceedings. The record however shows that the motion for a new trial did not raise the contentions, that appeal was waived, and that a petition for habeas corpus was dismissed because coram nobis was the proper remedy for petitioners."

■■ It clearly appears under this statute and from what has been said above that the petitioners would be required to show "a lack of notice" or "disability" or "surprise, accident, mistake or fraud without fault on his part." T.C.A. sec. 27-702. Clearly, the "were not"

phrase is merely a requirement that the issues have not been previously considered by the court. Under such an interpretation the trial court was correct in holding the petition legally insufficient.

T.C.A. sec. 23-1840 is called to our attention with reference to its recent application as applied by this Court in *State ex rel. Reed v. Heer*, 218 Tenn. 338, 403 S.W.2d 310. Under the procedures outlined therein and the scope of habeas corpus petitions these problems of T.C.A. sec. 40-3411 will probably be avoided in future cases.

■ We come to the allegations of the petitioners, as previously set forth, which clearly show that the "could not" requirements of the statute are not met. All of the allegations raised in this case could have been litigated at the trial of the case or on the motion for a new trial or on appeal, and an appeal has been expressly waived by the petitioners. There is no contention or showing that petitioners had no notice of the alleged errors or were prevented from raising them, except through "fault on his part."

■ Even if we were to consider the present petition as a petition for habeas corpus there are certain problems presented because no evidentiary hearing was held. However, "[a] [C]ourt is warranted in dismissing a habeas corpus petition without [a] hearing when the records and files conclusively show petitioner is entitled to no relief." *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965); *Yeaman v. United States*, 326 F.2d 293, 294 (9th Cir. 1963).

■■ Thus the State has, and we may, answer some of the questions that were stated in this petition. There is no constitutional immunity from an unlawful arrest.

*Harris v. State,* 206 Tenn. 276, 287, 332 S.W.2d 675; *Satterfield v. State,* 196 Tenn. 573, 575, 269 S.W.2d 607. It is well known under our Constitution, and the Constitution of the United States, as far as we know, that an officer may arrest without a warrant when a person ''has committed a felony'' and there is ''reasonable cause for believing the person arrested to have committed it,'' T.C.A. sec. 40-803(3).

■ It is likewise well recognized that a person lawfully arrested may be searched at common law to obtain evidence of the offense for which he was arrested. *Hughes v. State,* 145 Tenn. 544, 238 S.W. 588, 20 A.L.R. 639; *Elliott v. State,* 173 Tenn. 203, 116 S.W.2d 1009.

■ There is no constitutional mandate requiring a preliminary hearing under procedure in this State. *State ex rel. Reed v. Heer,* supra; *Kimbro v. Heer,* 364 F.2d 116 (6th Cir., filed August 5, 1966); *Dillard v. Bomar,* 6 Cir., 342 F.2d 789, cert. denied, 382 U.S. 883, 86 S.Ct. 176, 15 L.Ed.2d 123.

■ In this case now before us petitioners entered pleas of not guilty and allegations of any prejudicial or detrimental conduct were not made by petitioners. Therefore, no constitutional violation is asserted. *Gallegos v. Cox,* 10 Cir., 341 F.2d 107, 108, cert. denied 381 U.S. 918, 85 S.Ct. 1548, 14 L.Ed.2d 438; *Armstrong v. Bannan,* 6 Cir., 272 F.2d 577, 581, cert. denied 362 U.S. 925, 80 S.Ct. 679, 4 L.Ed.2d 743.

There is no allegation that petitioners demanded a copy of the indictment. *Cogdell v. State,* 193 Tenn. 261, 270, 246 S.W.2d 5, 9. Petitioners in the case wherein they were convicted were represented by able counsel appointed by the court and certainly this counsel had

access to the indictment. It is inconceivable that the charges made that the petitioners were not given a preliminary hearing is true, or that the charges were not read to them at this time.

Petitioners were not indicted for a capital offense and at the time of their trial T.C.A. secs. 40-2029—40-2043 were not in effect. Therefore, petitioners were not entitled to a transcript. *Wilkerson v. State,* 214 Tenn. 1; 377 S.W.2d 1; *State ex rel. Wilkerson v. Bomar,* 213 Tenn. 499, 502, 376 S.W.2d 451.

We have examined a copy of the indictment which is found in the record, and this indictment properly charges petitioners with burglary in the third degree under T.C.A. sec. 39-904. By examination it is seen that this section is directed to "breaking and entering into a business house."

There is nothing in the record concerning the argument of the District Attorney General to the jury. In his memorandum opinion herein on this petition the trial judge commented on the fact that the argument was not improper according to the State's theory of the case, "because aiders and abettors are deemed principal offenders; 39-109 T.C.A." Therefore, no constitutional violation is alleged under these facts.

The record, as we have said before, is clear that these petitioners waived their right to an appeal in the first instance.

We might say in passing that the denial of the first habeas corpus petition does not in any way preclude petitioners from now filing a proper petition. A petition alleging sufficient facts to establish constitutional viola-

tions will necessitate an evidentiary hearing on those facts. *State ex rel. Reed v. Heer,* supra.

Thus, it is, even though we must dismiss this cause because of petitioners' failure to file assignments of error and brief, we think unquestionably the ruling of the trial court on the petition is legally sufficient. It therefore results that the petition must be dismissed and the petitioners remain in the custody of the State.