# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARCUS DEANGELO LEE AKA MARCUS JONES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 95-11561; 95-11562    Joseph B. Dailey, Judge**

---

**No. W2006-02031-CCA-R3-CO  - Filed May 31, 2007**

---

The Petitioner, Marcus Deangelo Lee aka Marcus Jones, appeals the trial court's denial of his petition for coram nobis relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   We conclude that the State's motion is meritorious.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Marcus Deangelo Lee aka Marcus Jones, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy Wierich, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In September 1995, the Shelby County Grand Jury returned an indictment charging the Petitioner Marcus Deangelo Lee with one count of selling a controlled substance, one count of unlawful possession of a controlled substance with intent to sell and one count of unlawful possession of a controlled substance with intent to deliver.  On December 11, 1995, the Petitioner

1

entered a guilty plea to one count of the sale of a controlled substance, a class C felony, and received a sentence of three years at the workhouse. It further appears from the record that the Petitioner was charged with and entered a guilty plea to the unlawful possession of a deadly weapon, although the record is absent the judgment of conviction for this offense. The Petitioner avers that he received a sentence of one year for this offense. Both sentences were to be served concurrently. No direct appeal was taken.

On May 8, 2006, the Petitioner filed a *pro se* petition for writ of error coram nobis relief, seeking to vacate or modify the judgment entered on December 11, 1995. As grounds for the petition, he alleged that (1) he was denied the effective assistance of counsel regarding the offense of unlawful possession of a weapon and (2) his guilty plea was not a knowingly, intelligent, or voluntary admission of guilt. Specifically, he asserts that his trial counsel misinformed him as to the elements of the weapons offense and that he was misled into pleading guilty. The Petitioner is no longer in state custody. By order entered August 16, 2006, the lower court summarily dismissed the petition. The Petitioner timely filed a notice of appeal document.

The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the petition is time-barred and fails to raise a cognizable claim for coram nobis relief. The Petitioner has filed a response in opposition to the State's motion. Additionally, the Petitioner has filed a motion to supplement the record with (1) the indictment for the crime of possession of a deadly weapon used in the sale of a controlled substance in case number 95-11561; (2) the judgment entered as to the Petitioner's conviction for the crime of possessions of a deadly weapon; and (3) the omitted portions of the police report. This constitutes the second request for such supplementation of the record. The Petitioner's original request was granted by order entered March 6, 2007, conditioned upon *"the clerk shall only so provide a supplemental record only if these items were introduced as exhibits at the post-conviction hearing."* The trial court clerk filed a notice to this Court that these items were not introduced as exhibits with the coram nobis petition. Accordingly, the Petitioner's motion is DENIED.

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

2

The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105. The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon,* 983 S.W.2d 661, 672 (Tenn. 1999). The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment.'" *State v. Hart,* 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State,* 219 Tenn. 80, 407 S.W.2d 165, 167 (1966)). A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. *See* T.C.A. § 27-7-103.

Again, the Petitioner alleges that his guilty pleas were involuntary based upon misinformation provided to the Petitioner by trial counsel. Based on the record, it is clear that the Petitioner's petition was filed several years after the statute of limitations had run. Moreover, although due process may require that the statute of limitations for filing a petition for writ of error coram nobis be tolled, *see Workman v. State,* 41 S.W.3d 100, 103 (Tenn. 2001), nothing in the record implicates any due process concerns that would require that the statute of limitations be tolled. Moreover, the Petitioner has failed to allege a ground upon which coram nobis relief may be granted. We conclude, therefore, that the trial court properly denied the relief sought by the Petitioner.

Although the grounds raised by the Petitioner are ones cognizable in a post-conviction petition, the petitioner treated as a petition for post-conviction relief is time-barred. The Petitioner filed his petition beyond that time allowed by the statute, and none of the exceptions to this time limit apply in this case. *See* T.C.A. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are set forth. These exceptions include: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. *See* T.C.A. § 40-30-102(b)(1)-(3). The Petitioner has failed to assert any of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* T.C.A. § 40-30-106(g). Thus, no grounds exist as an exception to the statute of limitations. We conclude that the trial court did not err by summarily dismissing the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

3

_____
JOHN EVERETT WILLIAMS, JUDGE