# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ROBERT KIMBREL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 87-04089; 88-04450 James C. Beasley, Jr., Judge**

---

**No. W2007-00739-CCA-MR3-CO  - Filed May 20, 2008**

---

The Petitioner, Robert Kimbrel, appeals the trial court's denial of his petition for coram nobis relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the State's motion is meritorious. Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLin, J., delivered the opinion of the court, in which John Everett Williams and Alan E. Glenn, JJ., joined.

Robert Kimbrel, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Preston Shipp, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

A Shelby County Grand Jury returned an indictment in July 1989 charging the Petitioner with three counts of extortion, one count of statutory rape, and one count of robbery. On January 2, 1990, the Petitioner entered guilty pleas to two counts of extortion, one count of robbery, and one count of statutory rape. The Petitioner received a two-year sentence for each extortion conviction, a five-year sentence for the robbery conviction, and a one-year sentence for the statutory rape conviction, with all of the sentences to be served concurrently to each other and to a one-year sentence the Petitioner received for an escape conviction in May 1989, in case number 8804450.

1

On July 24, 2006, the Petitioner filed a "motion of writ of error coram nobis." In the motion, the Petitioner alleged that his sentences were illegal. Specifically, the Petitioner argued that he was serving a sentence for sexual battery when he escaped. While on escape status, the Petitioner obtained four more felony charges. The Petitioner asserted that Rule 32, Tennessee Rules of Criminal Procedure, mandated consecutive and not concurrent sentences. On August 14, 2006, the lower court denied the motion, concluding that, although the Petitioner was sentenced in 1989 to concurrent sentences, the sentences were corrected by the Department of Correction at that time. The lower court further determined that the statute of limitations for a writ of error coram nobis had expired. On September 15, 2006, a notice of appeal document was filed regarding the denial of the coram nobis petition. The notice of appeal was dated August 19, 2006. At some time, the Petitioner filed a petition for habeas corpus relief. The petition is not contained in the pleadings before this court. The trial court denied habeas corpus relief on October 26, 2006. On January 2, 2007, the lower court denied the Petitioner's motion for reconsideration of writ of error coram nobis. The motion to reconsider is not contained in the pleadings before this Court, nor is the date on which it was filed mentioned. On January 23, 2007, the Shelby County Clerk's Office received another notice of appeal regarding the denial of coram nobis relief. On February 6, 2007, the lower court entered an order granting the Petitioner permission to seek a delayed appeal in both the habeas corpus case and the coram nobis case.

By order entered April 25, 2007, this Court reviewed the pleadings and entered an order in the above-captioned matter addressing the lower court's order granting the delayed appeal. This Court determined that a notice of appeal document was not timely filed, if indeed ever filed, in the habeas corpus case. However, this Court noted that the notice of appeal in the coram nobis case was timely filed. Accordingly, this Court determined that the appeal should only encompass the denial of coram nobis relief.

The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the petition is time-barred and fails to raise a cognizable claim for coram nobis relief. Finally, the State contends that the petition may not be treated as a petition for habeas corpus relief because (1) the Petitioner has failed to satisfy the procedural requirements for a petition for habeas corpus relief, *see* T.C.A. § 29-21-107; and (2) this Court has previously acknowledged that the Petitioner made no attempt to appeal the denial of his petition for habeas corpus relief. The Petitioner has filed a response in opposition to the State's motion.

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time,

2

a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105. The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon,* 983 S.W.2d 661, 672 (Tenn.1999). The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment.'" *State v. Hart,* 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State,* 219 Tenn. 80, 407 S.W.2d 165, 167 (1966)). A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. *See* T.C.A. § 27-7-103.

The Petitioner asserts that his sentences were void because they were ordered to be served concurrent to one another, he was sentenced outside his applicable range, his due process rights were violated, and his guilty pleas were not knowingly and intelligently entered. None of these claims are cognizable in a coram nobis proceeding. Moreover, it is clear that the Petitioner's petition was filed many years after the statute of limitations had run. Although due process may require that the statute of limitations for filing a petition for writ of error coram nobis be tolled, *see Workman v. State,* 41 S.W.3d 100, 103 (Tenn. 2001), nothing in the record implicates any due process concerns that would require that the statute of limitations be tolled. We conclude, therefore, that the trial court properly denied the relief sought by the Petitioner.

Although the grounds raised by the Petitioner are ones cognizable in a post-conviction petition, the petitioner treated as a petition for post-conviction relief is time-barred. The Petitioner filed his petition beyond that time allowed by the statute, and none of the exceptions to this time limit apply in this case. *See* T.C.A. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are set forth. These exceptions include: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. *See* T.C.A. § 40-30-102(b)(1)-(3). The Petitioner has failed to assert any of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* T.C.A. § 40-30-106(g). Thus, no grounds exist as an exception to the statute of limitations. We conclude that the trial court did not err by summarily dismissing the petition.

Similarly, the petition may not be treated as one for habeas corpus relief. The Petitioner failed to satisfy many of the formal requirements for a petition for the writ of habeas corpus. *See* T.C.A. § 29-21-108. The failure to comply with the statutory requirements is sufficient alone to

dismiss a petition for habeas corpus relief. Moreover, the Petitioner clearly made no indication that he intended to appeal the denial of his petition for habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____
**J.C. MCLIN, JUDGE**