# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## GEORGE CAMPBELL JR. v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Shelby County
### No. 93-00428; 93-00429 W. Mark Ward, Judge

### No. W2007-00820-CCA-R3-CO  - Filed May 28, 2008

The Petitioner, George Campbell, Jr.,  appeals the trial court's denial of his petition for coram nobis relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the State's motion is meritorious. Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

George Campbell, Jr., pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, George Campbell, Jr., was convicted by a jury of felony murder and aggravated assault. *See George Campbell, Jr. v. Bruce Westbrooks, Warden*, No. W2002-02086-CCA-R3-CO, 2003 WL 22309471, *1 (Tenn. Crim. App., at Jackson, Oct. 6, 2003).  For these convictions, Petitioner was sentenced to life plus ten years. *See George Campbell, Jr. v. State,* No, W2000-00703-CCA-R3-PC, 2001 WL 1042112, *1 (Tenn. Crim. App., at Jackson, Sep. 10, 2001), *perm. to appeal denied*, (Tenn. Dec. 27, 2001).  His convictions and sentences were affirmed on direct appeal. *See State v. George Campbell, Jr.,* No. 02C01-9408-CR-00165, 1996 WL 368224,

1

at *1 (Tenn. Crim. App., at Jackson, June 28, 1996), *perm. to appeal denied*, (Tenn. Jan. 6, 1997). The Petitioner later sought post-conviction relief, claiming that counsel was ineffective. *See George Campbell, Jr. v. State,* No. W2000-00703-CCA-R3-PC, 2001 WL 1042112, *1. The trial court denied relief, and this Court affirmed the decision of the lower court on September 10, 2001. *Id.* Petitioner was later unsuccessful in his attempt for relief via the writ of habeas corpus. *See George Campbell, Jr. v. Bruce Westbrooks, Warden,* No. W2002-02086-CCA-R3-CO, 2003 WL 22309471, *1 (affirming lower court's denial of habeas corpus relief).

On February 16, 2007, the Petitioner filed a "motion of writ of error coram nobis." In the motion, the Petitioner alleged that newly discovered evidence may have resulted in a different judgment if the evidence had been admitted during the Petitioner's trial. Specifically, the Petitioner alleged that "on or about August, 2005, petitioner received 'Verbatum' – transcripts of the <u>only</u> alleged prosecution witness, Lontina McGary, during the trial of Vandor Moore (shooter)." The Petitioner averred that Lontina McGary's testimony at this trial indicated that the indictments against the Petitioner were procured through fraud. The Petitioner further asserted that he was without fault in failing to present this evidence in a more timely manner.

On March 22, 2007, the lower court entered an order dismissing the petition for writ of error coram nobis relief. Specifically, the lower court found:

> . . . Petitioner fails to allege in his Petition the substance of the fraud or false testimony, fails to allege that this "newly discovered evidence" may have resulted in a different verdict, and failed to allege why he waited 18 months after discovering this "newly discovered evidence" to file the present Petition.
>
> . . .
>
> This Court takes notice that Petitioner's present petition for writ of error coram nobis was filed outside the one-year statute of limitations prescribed by T.C.A. § 27-7-103 and more than 18 months after he alleges he discovered the new evidence. Under the circumstances of this case where Petitioner fails to allege in his Petition the substance of the fraud or false testimony, fails to allege that this "newly discovered evidence" may have resulted in a different verdict, fails to allege any grounds for tolling the statute of limitations, fails to specifically state why he was without fault in failing to present the evidence in a more timely manner, and fails to allege why he waited 18 months after discovering this "newly discovered evidence" to file the present Petition, this Court finds that this is not a proper case for appointment of counsel or for an evidentiary hearing.

The Petitioner filed a notice of appeal document on March 29, 2007.

The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the petition is time-barred. The State asserts that the present motion was not filed until more than twelve years after the statute of limitations ran. The State further asserts that the Petitioner has failed to demonstrate that due process requires the tolling of the statute of limitations

in this case. Specifically, the State asserts that the Petitioner's health problems in 2005 had no bearing on the one-year statute of limitations that began to run in 1994. Finally, the State asserts that Lontina McGary presented false testimony at trial. The Petitioner fails to offer proof in support of this allegation.

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105. The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon,* 983 S.W.2d 661, 672 (Tenn.1999). The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment.'" *State v. Hart,* 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State,* 219 Tenn. 80, 407 S.W.2d 165, 167 (1966)). A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. *See* T.C.A. § 27-7-103.

The Petitioner asserts that inconsistencies in Lontina McGary's trial testimony and her testimony during the trial of Vandor Moore establish that his convictions were based upon fraud. The Petitioner further asserts that he was unable to present this "newly discovered evidence" in a more timely manner due to his suffering from "chronic diabetes" and the onset of "a series of mini strokes." Initially, we acknowledge that it is clear that the Petitioner's petition was filed many years after the statute of limitations had run. The Petitioner has failed to provide any evidence of his medical disability to support his argument that the delay in filing the petition was unavoidable. Although due process may require that the statute of limitations for filing a petition for writ of error coram nobis be tolled, *see Workman v. State,* 41 S.W.3d 100, 103 (Tenn. 2001), nothing in the record implicates any due process concerns that would require that the statute of limitations be tolled. Accordingly, the trial court properly dismissed the coram nobis petition as time-barred. Additionally, upon a review of the transcript attached to the Petitioner's application and the facts as recited in this Court's 1996 opinion affirming the Petitioner's convictions, we discern no evidence of fraud as alleged by Petitioner. *See State v. George Campbell, Jr.,* No. 02C01-9408-CR-00165 (Tenn. Crim. App., at Jackson, Jun. 28, 1996), *perm. to appeal denied,* (Tenn. Jan. 6, 1997). We conclude, therefore, that the trial court properly denied the relief sought by the Petitioner.

3

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____
**JOHN EVERETT WILLIAMS, JUDGE**