# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## SAMMIE LEE NETTERS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
No. 99-05539     W. Otis Higgs, Jr., Judge

**No. W2008-00484-CCA-R3-CO  - Filed August 22, 2008**

The Petitioner, Sammie Lee Netters, appeals the trial court's denial of his petition for coram nobis relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the State's motion is meritorious.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Sammie Lee Netters, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, Sammie Lee Netters, was convicted by a Shelby County jury of aggravated robbery.  *See State v. Sammie Netters*, No. W2001-02710-CCA-R3-CD (Tenn. Crim. App., at Jackson, Aug. 6, 2002).  For this conviction, the Petitioner received a Range II sentence of twenty years incarceration in the Tennessee Department of Correction.  This Court affirmed the Petitioner's conviction and sentence on August 6, 2002. *Id.*

On August 8, 2007, the Petitioner filed, in the Shelby County Criminal Court,  a "petition for writ of error coram nobis for violation of Brady laws."    In the motion, the Petitioner alleged that

the State of Tennessee never provided the Petitioner with an alleged exculpatory statement during the pre-trial discovery phase. He further complained that he was without fault in failing to present the newly discovered evidence at the appropriate time. Specifically, he asserts that he "repeatedly informed . . . trial counsel of the existence of such documents and the necessity of having such documents presented . . . prior to both the suppression hearing and the inevitable trial." On January 8, 2008, the lower court denied the motion, making the following findings of fact and conclusions of law:

> Dismissal of Petitioner's Pro Se Petitioner for writ of Error Coram Nobis due to Petitioner's failure to meet requirements for writ of Error Coram Nobis. Document Petitioner refers to is not newly discovered evidence as required by T.C.A. § 40-26-105.
>
> Document referred to is an alleged statement of denial made prior to Petitioner's [statement] of admission. Motion to suppress was denied by trial court and affirmed by Court of [Criminal] Appeals.

The Petitioner filed a timely notice of appeal document on February 5, 2008.

The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the petition is time-barred and fails to raise a cognizable claim for coram nobis relief.

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. This statute provides, in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105. The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon,* 983 S.W.2d 661, 672 (Tenn. 1999). The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment.'" *State v. Hart,* 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State,* 219 Tenn. 80, 407 S.W.2d 165, 167

(1966)). A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. *See* T.C.A. § 27-7-103.

Although, as the State correctly notes, the record fails to reflect the date the Petitioner's judgment of conviction became final, the date of this Court's opinion affirming the judgment of conviction clearly supports the conclusion that the Petitioner's petition was filed many years after the statute of limitations had run. Although due process may require that the statute of limitations for filing a petition for writ of error coram nobis be tolled, *see Workman v. State,* 41 S.W.3d 100, 103 (Tenn. 2001), nothing in the record implicates any due process concerns that would require that the statute of limitations be tolled. Furthermore, the substance of the Petitioner's complaint, *i.e.*, that an alleged exculpatory statement was not provided to the Petitioner during the pre-trial discovery phase, is not newly discovered evidence. Accordingly, the claim raised is not cognizable in a motion for the issuance of a writ of error coram nobis. We conclude, therefore, that the trial court properly denied the relief sought by the Petitioner.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____
**CAMILLE R. MCMULLEN, JUDGE**

3