# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 2, 2010

## HOWARD J. ATKINS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Tipton County**
**No. 3956      Joseph H. Walker, III, Judge**

**No. W2010-00092-CCA-R3-CO  - Filed October 26, 2010**

The petitioner, Howard J. Atkins, appeals the summary dismissal of his petition for writ of error *coram nobis*.  On appeal, he argues that the trial court abused its discretion in determining that there was no newly discovered evidence and that his petition was untimely pursuant to the statute of limitations and in dismissing his petition without an evidentiary hearing.  After careful review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and CAMILLE R. MCMULLEN, JJ., joined.

Howard J. Atkins, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; D. Michael Dunavant, District Attorney General; and James W. Freeland, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 29, 2000, at the age of sixteen, the petitioner was convicted of the premeditated first degree murder of his stepfather.  The facts of this case were summarized by this court on direct appeal.  *See State v. Howard Jefferson Atkins*, No. W2001-02427-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 456, at **2-6 (Tenn. Crim. App. May 16, 2003).  The petitioner's mother was involved in an allegedly abusive relationship with the victim.  The petitioner confronted the victim to ask him to leave for a few days after the petitioner's mother told him she planned to divorce the victim.  Their encounter ended with the victim's death when the petitioner smashed the victim's skull using a baseball bat he brought to the confrontation.  The petitioner was sentenced to life with the possibility of

parole.

The petitioner filed his petition for writ of error *coram nobis* on November 10, 2009. The court filed a written order denying the petition on November 24, 2009. The petitioner initiated this appeal on December 21, 2009.

Analysis

In the petitioner's petition for writ of error *coram nobis*, he asserted that he had obtained newly discovered evidence in the form of a psychiatric report that described his mental illness. He argued that there was a reasonable probability that the outcome of the trial would have been significantly different if the report had been made available for the trial court's consideration. He contends that he would have either been committed to a medical facility or reduced his exposure to a conviction of first degree (premeditated) murder based on a reduced mental culpability.

Trial courts may grant a criminal petitioner a new trial following a judgment of conviction under limited circumstances through the extraordinary remedy offered by a writ of error *coram nobis*. T.C.A. § 40-26-105; *State v. Mixon*, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error *coram nobis* may be granted where the petitioner establishes the existence of newly discovered evidence relating to matters litigated at trial if the petitioner shows he was without fault in failing to present the evidence at the proper time, and if the judge determines the evidence may have resulted in a different judgment had it been presented to the jury. T. C. A. § 40-26-105; *Mixon*, 983 S.W.2d at 668. The "'purpose of this remedy is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (1966)). The proceeding is confined to errors outside the record and to matters which were not and could not have been litigated at trial, the motion for new trial, appeal, or upon post-conviction. *State v. Vasques*, 221 S.W.3d 514, 519-520 (Tenn. 2007).

The decision to grant or deny a petition for writ of error *coram nobis* based on newly discovered evidence lies within the sound discretion of the trial court pursuant to statute. T.C.A. § 40-26-105. Further, the petition must be dismissed as untimely if it is filed more than one year from the date on which the judgment became final. *Id.; see also* T.C.A. § 27-7-103; *Mixon*, 983 S.W.2d at 670. The statute of limitations applicable to writ of error *coram nobis* is an affirmative defense which must be specifically pled by the State or it is deemed waived. *Harris v. State*, 102 S.W.3d 587, 593 (Tenn. 2003).

The record reflects that the trial court determined that the petitioner failed to present

any newly-discovered evidence and further determined that the petition was barred by the statute of limitations. The court stated that the evidence the petitioner sought to introduce as newly discovered evidence was a psychiatric report. The court concluded that the juvenile court had previously determined, at the transfer hearing, that the petitioner was neither committable to an institution nor mentally ill. The report which the petitioner refers was dated October 9, 2000, and his trial was on November 29, 2000. The court found that the report was available to the petitioner at the time of trial and is, therefore, not newly discovered. The court further found that the claim was barred by the one-year statute of limitation. We agree.

The petitioner's judgment of conviction became final in 2001. He did not file his petition for writ of error *coram nobis* until November 10, 2009. Therefore, the State argues that the petition is untimely, and we agree. There is nothing in the record to suggest that the petitioner has been denied due process. The trial court did not abuse its discretion in dismissing the petition for writ of error *coram nobis*.

Conclusion

After careful review, we affirm the dismissal of the petition for writ of error *coram nobis*.

_____
JOHN EVERETT WILLIAMS, JUDGE