# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## GEORGE OSBORNE WADE v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Obion County
### No. 9-430      William B. Acree, Judge

--------

### No. W2010-01089-CCA-R3-CO  - Filed August 31, 2011

--------

The Petitioner, George Osborne Wade, appeals the Circuit Court of Obion County's dismissal of his petition for writ of error coram nobis.  The State has filed a motion requesting that this Court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

J.C. MCLIN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

George Osborne Wade, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner was convicted of the sale of a controlled substance within 1,000 feet of a school as the result of a controlled buy between a confidential informant and Officer Kenneth Jones, an undercover officer, which was monitored through a wire by Lieutenant Rick Kelly.  The trial court sentenced the Petitioner to twenty-three years incarceration, and this Court affirmed the Petitioner's conviction on direct appeal.  See State v. Roger Neal James and George Osborne Wade, No. W2000-01301-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 231 (Tenn. Crim. App., at Jackson, Mar. 15, 2002), perm. to appeal denied (Tenn. Sept. 30, 2002).  The Petitioner subsequently filed a post-conviction relief petition alleging

the petit jury pool was unconstitutionally selected and that trial counsel was ineffective in failing to raise the issue. The post-conviction court denied the petition, and this Court affirmed the post-conviction court's judgment on appeal. See George Osborne Wade v. State, No. W2004-00214-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 915 (Tenn. Crim. App., at Jackson, Aug. 22, 2005), perm. to appeal denied (Tenn. Jan. 30, 2006).

On February 24, 2010, the Petitioner filed a petition for writ of error coram nobis alleging newly discovered evidence that Officer Kenneth Jones was reprimanded for driving a police-issued vehicle after drinking alcohol and while employed with the Milan Police Department. Following a hearing during which only argument was presented, the trial court entered an order on April 20, 2010, denying the petition. The Petitioner filed a timely notice of appeal.

Tennessee Code Annotated section 40-26-105 provides:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which are litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.

It is well-established that the writ of error coram nobis "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999). Generally, a decision whether to grant a writ rests within the sound discretion of the coram nobis court. See State v. Hart, 991 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We, therefore, review for abuse of discretion. See State v. Workman, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).

A petition for a writ of error coram nobis must be filed within one year of the judgment becoming final in the trial court. T.C.A. § 27-7-103. The Petitioner filed his petition outside the one-year statute of limitations. However, the trial court did not base its order denying the petition on the statute of limitations but found that the newly discovered evidence alleged by the Petitioner would not have resulted in a different judgment.

The purpose of the writ of error coram nobis "'is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different

-2-

judgment.'" <u>Hart</u>, 911 S.W.2d at 374 (quoting <u>State ex rel. Carlson v. State</u>, 219 Tenn. 80, 407 S.W.2d 165, 167 (Tenn. 1966)). Generally, subsequent or newly discovered evidence serving no other purpose than to contradict or impeach evidence introduced at trial "will not justify the granting of a petition for the writ of error coram nobis when the evidence, if introduced, would not have resulted in a different judgment." <u>Id.</u> at 375. The testimony of Officer Jones at trial was corroborated by the testimony of Officer Kelly and the confidential informant, as well as other evidence introduced at trial. Thus, even if admissible, the allegations upon which the Petitioner based his petition would not have resulted in a different judgment.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE