# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

**TIMOTHY A. BAXTER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. 11250     Roy B. Morgan, Jr., Judge**

**No. W2012-01393-CCA-R3-CO  - Filed February 15, 2013**

The Petitioner, Timothy A. Baxter, appeals the Circuit Court of Madison County's dismissal of his petition for writ of error coram nobis.  The State has filed a motion requesting that this Court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ROGER A. PAGE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Timothy A. Baxter, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

A Madison County jury convicted the Petitioner of aggravated assault in January 2012.  The Petitioner filed a notice of appeal, and the direct appeal is currently pending in this court.  On May 31, 2012, the Petitioner filed a pro se petition for writ of error coram nobis alleging that he was denied his right to counsel at the preliminary hearing and that he was denied a hearing to determine whether he was indigent.  On June 5, 2012, the trial court entered an order dismissing the petition.  The trial court found that the issues raised were not appropriate for a writ of error coram nobis and that the Petitioner was represented by retained counsel at trial.  This appeal followed.

Tennessee Code Annotated section 40-26-105 provides:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which are litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.

It is well-established that the writ of error coram nobis "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999). Generally, a decision whether to grant a writ rests within the sound discretion of the coram nobis court. See State v. Hart, 991 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We, therefore, review for abuse of discretion. See State v. Workman, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).

The purpose of the writ of error coram nobis "'is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment.'" Hart, 911 S.W.2d at 374 (quoting State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165, 167 (Tenn. 1966)). To establish entitlement to relief, a petitioner must show: (1) the grounds and nature of the newly discovered evidence; (2) the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought. Id. at 374-75.

The Petitioner's claims were not newly discovered. The Petitioner was aware prior to trial that he was not represented by counsel at the preliminary hearing. With regard to his claim that the trial court failed to hold an indigency hearing as to the propriety of appointed counsel, we note that the Petitioner retained counsel prior to trial. The allegations raised by the Petitioner in his petition do not satisfy the requirements of Tennessee Code Annotated section 40-26-105. The Petitioner did not identify any evidence that would have been admissible at trial and may have produced a different result. The trial court did not abuse its discretion in denying the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment

-2-

or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROGER A. PAGE, JUDGE