IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 30, 2019

**JOE MICHAEL TURNER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 110114    Bobby Ray McGee, Judge**

————————————————————

**No. E2018-01871-CCA-R3-ECN**

————————————————————

A Knox County jury convicted the Petitioner, Joe Michael Turner, of two counts of aggravated rape, one count of especially aggravated kidnapping, three counts of aggravated kidnapping, and one count of aggravated assault, and the trial court imposed an effective sentence of 100 years.  In 2017, the Petitioner filed a writ of error coram nobis, claiming newly discovered evidence in the form of a letter from the District Attorney's office notifying him of a police officer's misconduct.  The trial court dismissed the petition finding the Petitioner had not presented a colorable claim.  The Petitioner appeals, maintaining that he is entitled to relief.  After review, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Joe Michael Turner.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Charme P. Allen, District Attorney General; and Leslie Nassisos, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Procedural History**

A jury convicted the Petitioner of two counts of aggravated rape, one count of especially aggravated kidnapping, three counts of aggravated kidnapping, and one count of aggravated assault, and the trial court imposed an effective sentence of 100 years.  The Petitioner appealed the convictions and this court affirmed the convictions but remanded the case for merger of the kidnapping convictions.  *See State v. Joe Michael Turner*, No.

E2009-00069-CCA-R3-CD, 2010 WL 3706434, at *1 (Tenn. Crim. App, Knoxville, Feb. 16, 2011), *perm. app. denied* (Tenn. Aug. 26, 2011). The Petitioner then filed an unsuccessful petition for post-conviction relief alleging ineffective assistance of counsel. *Joe Turner v. State*, No. E2015-00849-CCA-R3-PC, 2017 WL 928680, *1 (Tenn. Crim. App., at Knoxville, Jan. 21, 2016), *perm. app. denied* (Tenn. Mar. 8, 2017).

In 2017, the Petitioner filed the petition for writ of error coram nobis at issue in this appeal. The Petitioner claimed he had newly discovered evidence in the form of a July 10, 2016 letter from the Knox County District Attorney's Office notifying him that, pursuant to *Brady v. Maryland*, a Knoxville Police Department officer, Joshua Hurst, had been charged with drug distribution, official misconduct, and possession of a firearm during the commission of a dangerous felony committed in 2014. The letter provided the docket numbers for the cases Officer Hurst had been involved with.

The trial court held a hearing on the petition and the Petitioner's attorney explained that the letter was sent to the Petitioner because of "misdemeanors that were resolved in 2006" and unrelated to the felony convictions in this case. The Petitioner's attorney could find no connection between Officer Hurst and the instant case. The Petitioner's attorney then asked the trial court to make a preliminary finding about whether or not the "Hurst investigation" would have been admissible. The State, in response, asked that the petition be dismissed. The trial court dismissed the petition stating

> [I]t's not possible for anything that happened in 2014 to have been, in any way, introduced or part of or have any effect on the [Petitioner]'s trial, which occurred years earlier. For those reasons, the Court does find no [ ] conceivable basis for pursuing this and the Court does dismiss the petition summarily.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Petitioner asserts that the trial court erred when it dismissed his claim for coram nobis relief. The State responds that the Petitioner has failed to state a colorable claim and, therefore, the trial court properly denied relief. We agree with the State.

A writ of error coram nobis is available to a defendant in a criminal prosecution. T.C.A. § 40-26-105(a). The decision to grant or to deny a petition for the writ of error coram nobis on its merits rests within the sound discretion of the trial court. *State v. Ricky Harris*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d

514, 527-28 (Tenn. 2007)). Tennessee Code Annotated section 40-26-105(b) provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999); *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). As previously noted by this Court, "the purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1996)). Newly discovered evidence must have been admissible at trial for the petitioner to receive coram nobis relief. *Nunley v. State*, 552 S.W.3d 800, 818 (Tenn. 2018)

To establish that he is entitled to a writ of error coram nobis, the Petitioner must show: (a) the grounds and the nature of the newly discovered evidence; (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial; (c) that the Petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (d) the relief sought. *Hart*, 911 S.W.2d at 374-75. Affidavits should be filed in support of the petition. *Id*. at 375.

After review, we conclude that the trial court did not abuse its discretion when it held that the Petitioner was not entitled to coram nobis relief. The Petitioner claims that Officer Hurst's 2014 misconduct is somehow related to the evidence in the Petitioner's 2008 case. By all accounts, Officer Hurst did not testify at the Petitioner's trial, and there is no indication in the record that he was involved in the Petitioner's case at issue in this appeal. Officer Hurst's alleged 2014 misconduct did not exist at the time of the Petitioner's trial in 2008 and thus could not have been presented at trial. Accordingly, we conclude that the trial court did not abuse its discretion when it denied the petition. The Petitioner is not entitled to relief.

## III. Conclusion

Based upon the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE