# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 24, 2011

## MATTHEW JACKSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sumner County**
**No. 906-2000      Dee David Gay, Judge**

_____

**No. M2010-02497-CCA-OT-CO - Filed July 13, 2011**

_____

In August 2001, the Petitioner, Matthew Jackson, pled guilty to two counts of aggravated robbery for which he received two concurrent ten-year sentences. In November 2010, the Petitioner filed a petition for a writ of error coram nobis alleging the existence of newly discovered evidence. The coram nobis court denied relief without a hearing. On appeal, the Petitioner contends the coram nobis court abused its discretion when it denied his petition for coram nobis relief. Having reviewed the record and relevant authorities, we affirm the coram nobis court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Matthew Jackson, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie Price, Assistant Attorney General; and Lawrence Ray Whitley, District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts
### A. Background

This case arises from the Defendant's robbery of a Blockbuster video rental store in Gallatin, Tennessee. Based on this conduct, a Sumner County grand jury indicted the Defendant for four counts of aggravated robbery. The Defendant pled guilty to two counts of aggravated robbery in August 2001 and received two concurrent ten-year sentences. The

Petitioner filed no direct appeal or post-conviction petition.

On November 3, 2010, the Petitioner filed a petition seeking a writ of error coram nobis based on the existence of newly discovered evidence. The Petitioner claimed to have recently discovered that the Hendersonville Police Department ("HPD") recovered latent finger and palm prints from a doorframe of the Blockbuster video store and determined that the prints did not belong to the Petitioner. The petition included a supplementary report from the HPD dated November 1, 2000, indicating that officers recovered latent prints from the door frame of the Blockbuster after the robbery, but before store employees cleaned the store. Another report attached to the petition indicates that on September 1, 2000, the Tennessee Bureau of Investigation ("TBI") tested the finger and palm prints recovered from the Blockbuster video store and determined that they did not belong to the Petitioner. The Petitioner alleges in his petition that he and his trial counsel had no pretrial knowledge of the report. However, the petition includes the State's discovery response, which the Petitioner received six months before he pled guilty, in which the State references "the TBI lab report on fingerprints submitted for examination." Correspondence between the Petitioner and the HPD suggests that the TBI report was provided to the Petitioner in June 2010.

Without holding a hearing, the coram nobis court issued a written order denying the petition. First, the coram nobis court found that the petition was time-barred due to the one-year statute of limitations applicable to coram nobis petitions and that due process did not require tolling of the limitations period. The coram nobis court nonetheless addressed the merits of the Petitioner's petition finding that, even assuming that the TBI report amounted to "newly discovered evidence," the Petitioner failed to demonstrate that the TBI report would have changed the outcome of his proceedings. The coram nobis court explained that, because the State never represented that the Petitioner's fingerprints were found at the scene of the crime, the existence of prints belonging to a third-party did not show that the Petitioner's guilty plea was unknowing or involuntary. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends the coram nobis court erred when it denied his petition for coram nobis relief. First, he argues that due process requires tolling of the statute of limitations because his interest in presenting the TBI report in order to establish his actual innocence of aggravated robbery outweighs the State's interest in preventing the litigation of stale claims. As to the merits of his claim, the Petitioner argues he is entitled to relief because, had he known of the results of the TBI report, he would not have pled guilty.

The State responds first that the Petitioner's petition for coram nobis relief is time-

barred and that due process considerations do not require a tolling of the statute of limitations. As to the merits of the Petitioner's claim, the State asserts first that the plain language of the provisions of the Tennessee Code governing coram nobis relief excludes petitioners who plead guilty from gaining coram nobis relief. It argues that, even if coram nobis relief is available to those who plead guilty, the Petitioner failed to demonstrate how his previous ignorance of the TBI report rendered his guilty pleas unknowing or involuntary.

A writ of error coram nobis is available to a defendant in a criminal prosecution. T.C.A. § 40-26-105(a) (2009). As to whether a writ for error coram nobis may be sought by a defendant who pled guilty, we note that the statute governing coram nobis relief provides that relief under its provisions only lies for newly discovered evidence "relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105 (2009). The Tennessee Supreme Court has recently granted an appeal in order to determine whether, based on this language, the error coram nobis writ is available to a defendant who pleads guilty. *See Stephen Wlodarz v. State*, No. E2008-02179-R11-CO, 2010 WL 1998766 (Tenn. Crim. App. May 19, 2010), *perm. app. granted* (Tenn Aug. 25, 2010). As of the time our Supreme Court took this issue up on appeal, courts had interpreted the statute to allow coram nobis relief for a petitioner who pled guilty, but only where the petitioner demonstrates that the newly discovered evidence shows his guilty plea was not knowingly and voluntarily entered. *See Newsome v. State*, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998).

The decision to grant or to deny a petition for the writ of error coram nobis on its merits rests within the sound discretion of the trial court. *State v. Ricky Harris*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). Tennessee Code Annotated section 40-26-105(b) provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999); *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). As previously noted by our Court, "the purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v.*

*State*, 407 S.W.2d 165, 167 (Tenn. 1996)).

To establish that he is entitled to a new trial, the Petitioner must show: (a) the grounds and the nature of the newly discovered evidence, (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial, (c) that the Petitioner was without fault in failing to present the newly discovered evidence at the appropriate time, and (d) the relief sought. *Hart*, 911 S.W.2d at 374-75. Affidavits should be filed in support of the petition. *Id*. at 375.

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing.

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). Similar to habeas corpus hearings, coram nobis evidentiary hearings are not mandated by statute in every case." *Richard Hale Austin v. State*, No. W2005-02591-CCA-R3-CO, 2006 WL 3626332, *6 (Tenn. Crim. App., Jackson, Dec. 13, 2006). A petition of either type "'may be dismissed without a hearing, and without the appointment of counsel for a hearing'" if the petition does not allege facts showing that the petitioner is entitled to relief. *Id*. (quoting *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636 (Tenn.1967)).

Coram nobis claims are subject to a one-year statute of limitations that is computed from the date the judgment of the trial court becomes final. T.C.A. § 27-7-103 (2009); *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). The State bears the burden of raising the bar of the statute of limitations as an affirmative defense. *Harris*, 102 S.W.3d at 593. Due process considerations may toll the statute of limitations applicable to coram nobis petitions. *Workman v. State*, 41 S.W.3d 100, 101 (Tenn. 2001). To determine whether due process requires tolling, a court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims. *Id*. at 103. In balancing these interests, a court should utilize a three-step analysis:

> (1) determine when the limitations period would normally have begun to run;

> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

4

(3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn.1995). Whether due process requires tolling of the limitations period is a mixed question of law and fact, which this Court reviews de novo with no presumption of correctness. *See Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006).

We first address the Petitioner's claim that due process requires tolling of the statute of limitations in this case. As both parties agree, the Petitioner filed his petition in November 2010, more than eight years after his limitations period expired in September 2002. In his petition, the Petitioner failed to address his late-filing or to explain why due process required tolling of the statute of limitations. In his brief on appeal, he argues that his interest in presenting newly discovered evidence to establish his innocence outweighs the State's interest in the finality of its judgments. We do not find this argument persuasive.

First, the second step of the *Sands* analysis for evaluating claims that due process tolls the limitations period requires this Court to examine whether the grounds for the relief arose after the limitations period would normally have commenced. *Sands*, 903 S.W.2d at 301. In this case, defense counsel was made aware of the TBI report six months before the Petitioner pled guilty. Therefore, the grounds for relief in the present case are not "later-arising" and, therefore, the timing of their discovery does not raise due process concerns. *Id*. We conclude that due process does not require tolling of the statute of limitations in this case. *See Vaughn*, 202 S.W.3d at 115.

As to the State's contention that the plain language of the coram nobis statute excludes coram nobis relief following guilty pleas, we note that, regardless of what our Supreme Court ultimately holds in *Wlodarz v. State*, the petition fails to comply with the law as it exists today. The petition does not comply with *Newsome* because it does not allege that the newly discovered evidence would show that he did not knowingly and voluntarily plead guilty. *See Newsome*, 995 S.W.2d at 134. The Petitioner argues in his brief on appeal that, had he possessed the TBI report, he would not have pled guilty. However, because the State never represented to the Petitioner that it recovered his fingerprints from the scene of the robbery, the Petitioner could not have based his guilty plea on a belief that the State recovered his fingerprints at the crime scene. Because no such representation was made, we cannot conclude that, had the Petitioner known the results of the TBI report, he would not have pled guilty.

Moreover, in order to obtain coram nobis relief, the Petitioner must show that the newly discovered evidence could not have been obtained before trial by the exercise of

5

reasonable diligence on the part of either the Petitioner or his trial counsel. *Vasques*, 221 S.W.3d at 527-28. This requirement is ultimately fatal to the Petitioner's claim for coram nobis relief. As the Petitioner discusses in his appellate brief, the State disclosed the existence of the TBI report in its discovery response. The Petitioner's trial counsel could have, through the exercise of reasonable diligence, obtained the results of the TBI report. Trial counsel's opportunity to discover the results of the TBI report prevents the report from constituting "newly discovered evidence." *Id*.

In summary, the petition in this case is time-barred, and due process considerations do not require a tolling of the statute of limitations. Also, even were the petition timely, the Petitioner failed to show that, because he was not aware of the contents of the TBI report before he pled guilty, his guilty plea was unknowing or involuntary. We conclude that the coram nobis court did not abuse its discretion when it denied the Petitioner's request for coram nobis relief. *See Vasques*, 221 S.W.3d at 527-28. He is not entitled to relief.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude the Petitioner is not entitled to relief pursuant to a writ of error coram nobis. As such, we affirm the coram nobis court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

6