IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2013

**PHILANDER  BUTLER v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 88-08249, 90-04544      James Lammey, Judge**
**90-06943**

---

**No. W2012-01512-CCA-R3-CO  -  Filed March 28, 2013**

---

The petitioner, Philander Butler, appeals the summary dismissal of his petition for the writ of error coram nobis which challenged his 1989 and 1990 guilty pleas to sale of a controlled substance, possession of a controlled substance with intent to sell, and attempted possession of a controlled substance with the intent to sell.  The trial court dismissed the petition on grounds: (1) that it was filed outside the applicable statute of limitation; and (2) that the petition failed to state a cognizable claim.   On appeal, he contends that the dismissal was erroneous.  The petitioner also contends that the court erred in summarily dismissing his "Motion to Alter or Amend Judgment Pursuant to Rule 59.04 and Motion to Set Aside Judgment Pursuant to Rule 60.02(2)-(3)."  Following review of the record we discern no error and affirm the dismissal of the petition and motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Philander Butler, Memphis, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Jessica Banti, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History and Factual Background**

The petitioner pled guilty to sale of a controlled substance in 1989 and was sentenced to one hundred twenty days confinement, followed by five years of probation. *Philander Butler v. State*, No. W2009-00451-CCA-R3-HC (Tenn. Crim. App., at Jackson, Dec. 1, 2009). In 1990, he pled guilty to possession of a controlled substance with intent to sell and attempted possession of a controlled substance with intent to sell, for which he received concurrent sentences of eight and four years, respectively. *Id*. No direct appeal was taken, and the sentences were completed by the petitioner. Thereafter, in 1999, the petitioner was convicted in federal court of aiding and abetting the possession of crack cocaine with intent to distribute and was sentenced to life imprisonment and ten years of supervised release. *Id*. The enhancement to a life sentence was predicated upon the petitioner's earlier 1989 and 1990 Tennessee convictions.

In 2008, the petitioner filed a petition for the writ of habeas corpus challenging the legality of his 1989 and 1990 sentences. *Id*. Specifically, he contended that the sentences were illegal because the sentences were ordered to run concurrently when they were statutorily required to be served consecutively because the petitioner had been released on bail at the time he committed the 1990 offenses. *Id*. The habeas corpus court dismissed the petition upon grounds that the petitioner was not currently imprisoned as a result of the convictions he was challenging, noting that each conviction and sentence the petitioner was challenging had expired and was served prior to the filing of the writ of habeas corpus petition at issue. *Id*. Agreeing with the habeas corpus court, this court affirmed dismissal. *Id*.

In 2009, the petitioner filed an untimely petition for post-conviction relief. *Philander Butler v. State*, No. W2010-00118-CCA-R3-PC (Tenn. Crim. App., at Jackson, Nov. 2, 2010). As grounds for relief, the petitioner alleged that he was never informed by trial counsel or the trial court that he had a right to appeal his convictions or receive appointed counsel to contest the legality of his sentences. *Id*. He argued that he should be entitled to a tolling of the statute of limitations because he was unaware that his prior convictions could be used to enhance his sentences for future convictions. *Id*. The post-conviction court did not agree that tolling of the statute of limitations was required to ensure due process, a decision which this court later affirmed. *Id*. This court concluded that the record was devoid of any misrepresentation by trial counsel to the petitioner. *Id*.

In May 2012, the petitioner filed the instant pro se petition for writ of error coram nobis again challenging the legality of his 1989 and 1990 convictions. In the petition, he alleged that his guilty pleas were not entered knowingly and voluntarily because he was unaware that the sentences were illegal. The error coram nobis court summarily dismissed the petition finding that it was untimely and that the petitioner had failed to state a cognizable claim entitling him to relief. The petitioner filed a timely notice of appeal challenging that

dismissal on July 11, 2012. Additionally, on July 18, 2012, the petitioner filed a "Motion to Alter or Amend Judgment Pursuant to Rule 59.04 and/or Motion to Set Aside Judgment Pursuant to Rule 60.02." The grounds asserted were essentially the same as those asserted in the petition for writ of error coram nobis or a challenge to that petition's denial. On October 5, 2012, the coram nobis court filed an order denying this motion. The petitioner filed a second notice of appeal on October 15, 2012.

## Analysis

On appeal, the petitioner contends that the error coram nobis court erred in summarily dismissing his petition without the appointment of counsel and a hearing. A petitioner may challenge his conviction through a petition for a writ of error coram nobis, an "*extraordinary procedural remedy*," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). "[T]he writ is an exceedingly narrow remedy appropriate only when an issue was not addressed or could not have been addressed *at trial* because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the court." *Newsome v. State*, 995 S.W.2d 129, 133 (Tenn. Crim. App. 1998). Coram nobis relief is provided for in criminal cases by statute:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.

T.C.A. § 40-26-105(b) (2010); *see also State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different'") (citations omitted).

The petition must establish: (1) the grounds and nature of the newly discovered evidence; (2) the reasons that the newly discovered evidence may have resulted in a different judgment; (3) absence of fault on the petitioner's part in failing to present the evidence at the appropriate time; and (4) the relief sought by the petitioner. *Newsome*, 995 S.W.2d at 133. The petition should also be supported by affidavits. *State v. Hart*, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). If the coram nobis court determines that the exercise of reasonable

diligence would not have led to a timely discovery of the new information, the judge must then determine whether the new evidence may have led to a different result. *Vasques*, 221 S.W.3d at 527. In the context of a guilty plea, the newly discovered evidence must show that the petitioner's plea was not voluntarily and knowingly entered. *Newsome*, 995 S.W.2d at 134.

The writ is governed by the one-year statute of limitations set forth in Tennessee Code Annotated section 27-7-103. This limitations period expires one year after the judgment of the trial court becomes final - thirty days after its entry in the absence of post-trial motions - and may run concurrently with the petitioner's direct appeal. *Mixon*, 983 S.W.2d at 670. When a petition is filed outside the statute of limitations, the coram nobis court must determine whether due process requires tolling. *Harris*, 301 S.W.3d at 145. In doing so, the "court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims." *Id*. (citing *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001)). A court should utilize the following three-step analysis to balance the competing interests:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

(3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Id*. (quoting *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995)). The State bears the burden of raising the statute of limitations as an affirmative defense. *Sands*, 903 S.W.2d at 299.

The decision to grant or deny a petition for writ of error coram nobis on its merits is left to the sound discretion of the trial court. *Harris*, 301 S.W.3d at 144. A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)).

Recently, in *Wlodarz v. State*, a case relied upon heavily by the petitioner in his argument, our supreme court affirmed the availability of relief through a writ of error coram nobis for prisoners who entered guilty pleas, concluding the plea proceeding constitutes a trial for the purposes of the statute. *Wlodarz v. State*, 361 S.W.3d 490, 503-04 (Tenn. 2012).

The court emphasized that the evidence must be both "newly discovered" and not "merely cumulative to other evidence in the record." *Id*. at 506. Newly discovered evidence is evidence that was unknown to the defendant at the time of the proceedings. *Id*. The court reiterated that relief is available if: (1) the coram nobis court determines that the new evidence is reliable; (2) the defendant was reasonably diligent in discovering the new evidence, or was surprised by the false testimony, or was unable to know the falsity of the testimony until after the trial; and (3) the jury might have reached a different conclusion had the truth been told. *Id*. at 499.

In his brief the petitioner enumerates his issues as follows:

1. The Lower Court Erred in summarily dismissing Petition without either Appointment of Counsel or an Evidentiary Hearing based on Statute of Limitations and that [the petitioner] did not allege a Ground for the Statute of Limitations to be Tolled when [the petitioner] alleged Specifically that Due Process Tolls the Statute of Limitations and that a Credible Claim of Actual/Factual Innocence Excuses the Time-Bar and any Procedural Defaults.

2. The Lower Court Erred in Summarily dismissing Petition without either Appointment of Counsel or an Evidentiary Hearing based on Failure to Litigate Claim in a Motion for a New Trial and Appeal based on a Colorable Claim of Actual/Factual Innocence and Ineffective Assistance of Trial Counsel to Excuse the Waiver, and trial court, trial counsel, and the prosecutor misrepresentations, and trial counsel's ineffectiveness in violation of his Constitutional Right without Determining Whether [the petitioner's] Waiver was Knowingly and Understandingly Made.

3. The Lower Court Erred in Summarily Denying Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59.04 and Motion to Set Aside Judgments Pursuant to Rule 60.02(2), (3), Tennessee Rules of Civil Procedure.

Although not entirely clear, we glean from this that he asserts: (1) that the court erred in its finding that the petitioner did not allege a ground for tolling the statute of limitations when he specifically alleged due process based upon a new statutory interpretation and evidence and a credible claim of actual/factual innocence; and (2) that the determination of waiver for failure to litigate the claim in a motion for new trial or an appeal was error because a colorable claim of actual/factual innocence excuses the waiver and, further, that the petitioner did not knowingly waive the challenge to his invalid guilty pleas due to misrepresentations and ineffective assistance of counsel.

The thrust of the petitioner's argument appears to be that based upon newly discovered evidence, he has shown that his guilty pleas were not knowingly and intelligently entered because he was misinformed by the trial court, trial counsel, and the prosecutor of a material element of his agreement and the consequences of pleading guilty. Specifically, he claims he was misinformed regarding the illegality of his sentences because they were ordered to be served concurrently rather than consecutively as required by Tennessee Code Annotated section 40-20-111(b). He also claims that he was not informed that he was waiving his right of appeal or to file a motion for new trial.

In denying relief, the error coram nobis court found that the petition was filed outside the statute of limitations and that "the petitioner did not allege a ground for the statute of limitations to be tolled." The court further held that even if the statutory requirements had been met, "the [p]etitioner fails to establish a cognizable claim." The petitioner takes exception to the fact that the court stated that he "did not allege a ground for the statute of limitations" to be tolled. He contends that he did in fact assert two instances why due process required tolling, as well as his claim of actual innocence, based upon his misunderstanding of the plea, excusing his failure. However, while we agree with the petitioner that he did in fact assert those claims, we do not agree that the coram nobis court's remarks meant the petitioner had failed to assert them. Although perhaps not artfully worded, we take the coram nobis courts remarks to mean that the petitioner had failed to assert a successful ground that would grant him the relief of tolling the limitations period, not that he had not raised the issue.

There is not question, as the petitioner acknowledges, that the petition is filed outside the applicable one-year statute of limitations period. However, the petitioner contends that due process and his actual innocence claims mandate a tolling. He asserts that he should have been appointed counsel and afforded a hearing on the merits of his petition. While the State contends that the petitioner is asserting that he was not aware that the underlying convictions could be used to enhance a subsequent sentence in federal court, we disagree. The petitioner has made clear that he is challenging the voluntariness of his guilty pleas rather than the sentences themselves. He challenges the voluntariness only upon the issue that he was not aware that he was pleading to an illegal sentence.

While the petitioner did assert possible grounds to toll the statute of limitation, none of them entitle him to relief. He has failed to put forth sufficient evidence to support a claim of either a due process or actual innocence. His first assertion is the claim that due process requires tolling because of a new statutory interpretation in *Wlodarz*. However, we disagree. The case merely confirmed that the trial court's acceptance of a guilty plea is a "trial" within the meaning of the statute- thus, error coram nobis relief could be sought in guilty plea cases. While the defendant is correct that he waived his right to a motion for new trial or a direct

appeal by pleading guilty, his argument ignores that he could have litigated this claim in a timely post-conviction motion. That he was not aware of the alleged violation until that statute of limitations expired did not make the claim later-arising. None of the claims put forth by the petitioner amount to one which is "later-arising." He has not shown that his private interest trumps those of the government's despite his claim that these convictions were later used to enhance his federal sentence. We simply cannot conclude on this record that the statute of limitations should have been tolled.

Regardless, even had the statute of limitations been tolled, the petitioner's argument, as noted by the coram nobis court, would fail because he has failed to state a cognizable claim. The petitioner's argument ignores that error coram nobis relief is available only for "subsequently or newly discovered evidence relating to matters which were litigated at the trial." The "evidence" relied upon by the petitioner here, *i.e.* the Wlodarz case, his guilty plea transcript, the transcript from his habeas corpus hearing, and his access to and subsequent understanding of Tennessee caselaw and statutes, is not the type of evidence referred to in the statute. While the petitioner may not have had a transcript, he was present when the plea was entered and should have been aware of the contents of those proceedings. This court has held that a petitioner's own fresh understanding of the law is not newly discovered evidence in this context. *See Timothy L. Jefferson v. State*, No. M2011-01653-CCA-R3-CO (Tenn. Crim. App., at Nashville, May 31, 2012), *perm. app. denied*, (Aug. 16, 2012). The evidence relied upon by the petitioner is neither "newly discovered evidence" or "some fact unknown to the court, which if known would have resulted in a different judgment." *See State ex rel Carson v. State*, 407 S.W.2d 165, 167 (Tenn. 1966); *see also* T.C.A. § 40-26-105. We conclude there is no abuse of discretion in the coram nobis court's decision.

In this case, the petitioner is essentially simply choosing a new vehicle to attack the validity of his prior convictions because they are being used to enhance his federal sentence. As noted, the petitioner has unsuccessfully attempted to challenge the validity of these convictions in both previous habeas corpus and post-convictions petitions to no avail. While we understand why the petitioner persists in his efforts because of the enhanced sentence is he now serving, he cannot continue with needless litigation challenging a boon he was granted in the early 1990s. He pled guilty and completed his shorter concurrent sentences, and he was informed that those convictions could be used against him to enhance future sentences he might receive. It was the petitioner who chose to continue with his actions that resulted in the sentence he is now serving. He appears now "to be operating under the misguided belief that if he continues to file petitions with no merit and cobble[s] together quotations from varied legal authorities that he will eventually stumble upon a combination that will result in the dismissal of his [prior] convictions and an eventual reduction of the [federal sentence]" he is serving. *Andre L. Mayfield*, No. M2012-00228-CCA-R3-HC (Tenn.

Crim. App., at Nashville, Oct. 26, 2012). However, based upon our above analysis and the previous denials of relief, it should now be clear to the petitioner that the fact that his prior Tennessee sentences were imposed concurrently in violation of the statute will not afford him relief at this point. The sentences are now long expired. There is simply no legal remedy available to the petitioner to afford him the desired result.

## CONCLUSION

Based upon the foregoing the denial of the petition for the writ of error coram nobis and the motion to alter/amend judgment is affirmed.

_____

_____
JOHN EVERETT WILLIAMS, JUDGE