# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs February 12, 2013

## JEROME S. BARRETT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-D-3201   Steve Dozier, Judge**

———————————

**No.  M2012-01778-CCA-R3-CO - Filed July 1, 2013**

———————————

Petitioner, Jerome Sidney Barrett, was convicted of first degree murder stemming from a murder that occurred in Davidson County in 1975 and received a life sentence. *State v. Jerome Sidney Barrett*, No. M2010-00444-CCA-R3-CD, 2012 WL 2914119, at *1 (Tenn. Crim. App., at Nashville, Jul 18, 2012), *perm. app. denied*, (Tenn. Dec. 12, 2012).  He was unsuccessful on appeal to this Court.  *Id.* at *32.  He subsequently filed a petition for writ of error coram nobis.  In his petition, he argued that the DNA evidence used at this trial was not independently evaluated and that the forensic pathologist, Dr. Bruce Levy, who testified at his trial regarding the DNA evidence, was not a credible witness because he was arrested for drug crimes in Mississippi more than a year after Petitioner's trial.  The lower court dismissed the petition without a hearing.  After reviewing the record on appeal, we conclude that the lower court did not abuse its discretion in dismissing the petition as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Jerome Sidney Barrett, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

A Davidson County jury convicted Petitioner of first degree murder for the 1975 murder of the victim. *Jerome Sidney Barrett*, 2012 WL 2914119, at *1. He received a life sentence. *Id.* at *16. Petitioner unsuccessfully appealed to this Court. *Id.* at *32.

On February 27, 2012, Petitioner filed a pro se petition for writ of error coram nobis. Petitioner argued that he should be afforded relief because the DNA evidence used at his trial was not independently examined and, therefore, he claims it should have been excluded at trial. He relied upon the United States Supreme Court opinion in *Skinner v. Switzer*, 562 U.S. __, 131 S. Ct. 1289 (2011), to support his argument and stated that *Skinner* constituted "a new rule of constitutional import."[1] Petitioner also argued that the fact that witness Dr. Bruce Levy, who testified at Petitioner's trial, was arrested in Mississippi for illegal possession, use and transport of illegal drugs "constitute[d] newly discovered evidence" and brought into question the reliability of Dr. Levy's testimony.

On May 2, 2012, the lower court summarily dismissed the petition by written order. Petitioner timely filed a notice of appeal with this Court but failed to file a notice of appeal with the trial court. This Court filed a written Order to permit the appeal. Petitioner appeals the dismissal of his petition to this Court.

**ANALYSIS**

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

(b) The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for

---

[1]*Skinner* involved whether a civil rights action pursuant to 42 U.S.C. section 1983 could be maintained to contest a state's refusal to allow a death sentenced prisoner access to DNA material for independent testing. That case has no bearing on the statute of limitations question involved in the instant case.

subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

(c) The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105(b), (c). The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). The "purpose of this remedy 'is to bring to the attention of the trial court some fact unknown to the court which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1996)). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988), *overruled on other grounds by Mixon*, 983 S.W.2d at 671 n.13.

A petition for writ of error coram nobis must relate: "(1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner." *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004); *Hart*, 911 S.W.2d at 374-75. Our supreme court has held that the following analysis applies to the determination of whether a petitioner can be successful on a petition for a writ of error coram nobis: "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different.'" *State v. Vasques*, 221 S.W.3d 514, 526 (Tenn. 2007) (quoting *State v. Vasques*, No. M2004-00166-CCA-R3-CD, 2005 WL 2477530 at *13 (Tenn. Crim. App. at Nashville, Oct. 7, 2005), *aff'd, Vasques*, 221 S.W.3d at 526.

A petition for writ of error coram nobis must usually be filed within one year after the judgment becomes final. *See* T.C.A. § 27-7-103; *Mixon*, 983 S.W.2d at 670; *Freshwater*, 160 S.W.3d at 553. It has been determined that a judgment becomes final, for purposes of coram nobis relief, thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. The one year statute of limitations may be tolled only when necessary not to offend due process requirements. *See Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001). Determining whether a claim is barred by an applicable statute of

limitations is a question of law. Our review of such claims is de novo. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)). Our supreme court has "constru[ed] the coram nobis statute of limitations consistent with the longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." *Id.* (citing *Mixon*, 983 S.W.2d at 670).

It has been explained that:

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing. The coram nobis statute also does not contain provisions for summary disposition or expedited appeals . . . . Although coram nobis claims also are governed by a one-year statute of limitations, *the State bears the burden of raising the bar of the statute of limitations as an affirmative defense. See Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995). (emphasis supplied)

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003).

Initially, we note that the record on appeal contains no pleading from the State asserting the statute of limitations in response to the petition. However, the State's failure to plead this affirmative defense in response to a petition does not result in waiver "'if the opposing party is given fair notice of the defense and an opportunity to rebut it' because 'the purpose of the specific pleading requirement is to prevent a party from raising a defense at the last possible moment thereby prejudicing the opposing party's opportunity to rebut the defense.'" *Wilson v. State*, 367 S.w.3d 229, 234 (Tenn. 2012) (quoting *Sands*, 903 S.W.2d at 299). In the case at hand, Petitioner specifically asked that the statute of limitations be tolled in Section III of his petition entitled "Equitable Tolling of Statute of Limitations." Therefore, it cannot be said Petitioner was prejudiced by the assertion of the statute of limitations.

The lower court's written order dismissing the writ states the following:

On February 27, 2012, the petitioner filed a pro se petition for writ of error coram nobis. The defendant was convicted by a jury of First Degree Murder on January 30, 2009 and a life sentence was imposed. After several continuances at the request of the defendant, the motion for a new trial was heard on January 19, 2010, and on February 9, 2010, the Court entered a written order denying the defendant's motion for a new trial. He subsequently filed for appeal which is currently pending.

. . . .

Initially, the Court notes that the petition is claiming newly discovered evidence, that the medical examiner who testified at trial, was arrested on March 16, 2010, approximately one year after the petitioner's trial. He asserts that this evidence could have been used to discredit his testimony or could now be used to discredit his testimony. This arrest occurred more than one year after the judgment in the case was imposed. Though the petitioner makes assertions and assumptions as to the conclusions to be drawn about the witness's credibility based upon that arrest, the arrest did not occur until a year after his testimony. Furthermore, the petition did not present this claim until February of 2012, nearly two years after the witness's arrest. Therefore, the Court finds due process does not require a tolling of the statute of limitations on this basis.

The petitioner also asserts the Court's denial of his request for independent DNA testing as a basis for relief. This issue has been addressed on prior occasions, and the Court finds due process does not require the tolling of the statute of limitations on this basis. The Court does not find this to be a proper basis for relief.

The lower court then addressed Petitioner's arguments under the analysis set out in caselaw for a petition for writ of error coram nobis relief. The lower court stated the following in the written order:

The Court finds that the petition has not presented sufficient arguments to merit error coram nobis relief. The petitioner first argues that the Court erred in denying his motion to obtain independent DNA analysis expert. This is not newly or subsequently discovered evidence, it is an issue the Court has

-5-

addressed prior to trial and in the motion for new trial. The Court finds this is not a proper basis for granting a writ of error coram nobis.

Next the petitioner addresses the claims involving Dr. Levy. Again, the Court finds that this evidence was not in existence at the time of trial, as his arrest had not occurred. Furthermore, the Court does not find that had such evidence been presented to the jury, it would have resulted in a different judgment.

At the time the petition was filed, Petitioner still had an appeal pending before the Tennessee Supreme Court. However, this fact has no affect on when the statute of limitations began to run. As stated above, "a petition for writ of error coram nobis must be dismissed as untimely unless it is filed within one year of the date on which the judgment of conviction became final in the trial court." *Mixon*, 983 S.W.2d at 670. Petitioner's motion for new trial was denied on February 9, 2010. Therefore, the statute of limitations began to run thirty days after that on March 10, 2010. Therefore, Petition had until March 11, 2011, to file a timely petition. The petition for writ of error coram nobis was not filed until February 27, 2012, almost a full year after the statute of limitations had already foreclosed any coram nobis claim.

Initially, we point out that, as stated by the trial court, the DNA issue had been previously adjudicated and, therefore, was clearly known to Petitioner at trial. This issue could have been presented in a petition for writ of coram nobis within the statute of limitations, and there is no basis for tolling the statute of limitations with regard to this issue. Dr. Levy's arrest occurred on March 16, 2010, just six days after the statute of limitations began to run. Furthermore, Petitioner argues in his petition that Dr. Levy's indictment on July 2010 is the appropriate date. Based on both these dates in 2010, this issue could have been presented well within the one year statute of limitations in a timely petition for writ of coram nobis. Even if we were to conclude that Dr. Levy's arrest or indictment were later-arising evidence, Petitioner's filing of the petition almost two years after the arrest and a year and six months after the indictment would not be considered due diligence in presenting the claim. In the case at hand, we conclude that Petitioner did not present the issue regarding Dr. Levy with all due diligence so as to necessitate the tolling of the statute of limitations. *See Harris*, 301 S.W.3d at 144.

Therefore, the lower court did not err in summarily dismissing the petition.

## CONCLUSION

For the foregoing reasons, the judgment of the coram nobis court is affirmed.


_____
JERRY L. SMITH, JUDGE